UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHARON V. VIATOR,

                         Plaintiff,          Case # 15-CV-6658-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

## INTRODUCTION AND BACKGROUND

On October 29, 2015, Plaintiff brought this case against the Commissioner of Social Security. ECF No. 1. On August 3, 2016, in accordance with the parties' stipulation, the Court remanded this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 14. On September 6, 2016, Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 16. Pursuant to a Stipulation and Order, Plaintiff was awarded $5,400 in EAJA attorney's fees. ECF No. 17.

On June 12, 2018, the Social Security Administration ("SSA") awarded Plaintiff disability benefits as of September 2012, which resulted in $77,453 in past due benefits. ECF No. 18-4. On July 5, 2018, Plaintiff moved for $19,363.25 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 18. The Commissioner does not object to the amount Plaintiff requests, but asserts that Plaintiff's motion may be untimely. ECF No. 22. For the reasons that follow, Plaintiff's motion is GRANTED.

## DISCUSSION

**I.    Applicable Legal Principles**

The Social Security Act contains provisions that govern the attorney's fees awarded for representing a claimant. It provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25 percent boundary that § 406(b) sets, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 6:17-CV-06430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* Thus, a court must determine the reasonableness of the requested fees. *Id.*

After a court determines that the contingent fee agreement is within the 25 percent statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. A court considers whether: 1) the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase her fee; and 3) "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citing *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

## II.     Reasonableness of the Fee Requested

Plaintiff's request for $19,363.25 in attorney's fees represents 25 percent of the awarded past due benefits and therefore it does not exceed the statutory cap. ECF No. 18-4. It is also acceptable under the fee agreement between Plaintiff and her attorney, which allows for a fee of up to 25 percent of awarded past due benefits. ECF No. 18-5.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved. Here, Plaintiff's attorney moved for judgment on

the pleadings and her arguments persuaded the Commissioner to agree to remand this case, which ultimately led to a disability benefits award. As to the second factor, Plaintiff's attorney did not delay this case in a way that might have inflated past due benefits and the potential fee award. Accordingly, these factors weigh in favor of reasonableness.

As to whether the fee award constitutes a "windfall" to the attorney, the Supreme Court has not given clear guidance on assessing this factor but has suggested that a lodestar analysis may be helpful. *Abbey*, 2019 WL 336572, at *2 (citing *Gisbrecht*, 535 U.S. at 808). Here, Plaintiff's attorney spent 29.2 hours representing Plaintiff before the Court. ECF No. 18-2 at 2-3. Dividing the fee requested ($19,363.25) by 29.2 hours yields an effective hourly rate of $663.13. Case law indicates that this hourly rate is reasonable. *See, e.g.*, *Whittico v. Colvin*, No. 5:09-CV-907 (FJS/DRH), 2014 WL 1608671, at *5-6 (N.D.N.Y. Apr. 22, 2014) (approving $685.28 hourly rate); *George v. Astrue*, No. 04-CV-1545, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (approving $542.92 hourly rate).

Based on these factors, the Court finds that the requested fee is reasonable and the Commissioner does not disagree. Additionally, Plaintiff's attorney indicated that she will refund the EAJA fee award to Plaintiff if the Court approves this § 406(b) application. *See Joslyn*, 389 F. Supp. 2d at 457 (noting that "if an award for attorney's fees is ordered both pursuant to the EAJA and pursuant to 42 U.S.C. § 406(b)(1), the lesser of the two awards must be returned to the claimant" (citing *Gisbrecht,* 535 U.S. at 796)).

### III. Timeliness of the § 406(b) Motion

The Commissioner points out that the deadline to file a § 406(b) motion is unsettled in the Second Circuit. ECF No. 22 at 3. Here, the SSA issued the Notice of Award on June 12, 2018. ECF No. 18-4. It is presumed that a recipient of a mailed communication from the SSA received

3

it within five days of the date on the notice. *See* 20 C.F.R. § 404.1703. Thus, Plaintiff filed her motion 23 days after the Notice was issued and 18 days after she received it. The Commissioner asserts that Plaintiff's motion is untimely under the 14-day deadline that some courts have applied, but "defers to the Court" as to the timeliness of the motion if a "reasonableness" standard is applied. ECF No. 22 at 3.

The Social Security Act does not set a deadline for filing a fee application, which makes "the timeliness question somewhat more complicated." *Geertgens v. Colvin*, No. 13 CIV. 5133(JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016). The Second Circuit also has not indicated what standard governs the timeliness of a § 406(b) application. The Third, Fifth, and Eleventh Circuits apply Federal Rule of Civil Procedure 54(d)(2) to such applications, which requires that they be filed within 14 days after the entry of judgment. *Abbey*, 2019 WL 336572, at *3 (citation omitted). Under this standard, courts have equitably tolled the period between the entry of judgment and the benefits award, holding that a § 406(b) application is timely if it is filed within 14 days of the SSA's Notice of Award. *Geertgens*, 2016 WL 1070845, at *2.

Other courts apply Rule 60(b)(6), which requires that "the application be made within a reasonable time after the Commissioner's decision awarding benefits." *Abbey*, 2019 WL 336572, at *3 (citation omitted); *see McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006) (determining that substantial justice would be served by using a reasonableness standard when assessing timeliness of a § 406(b) application); *Garland v. Astrue*, 492 F. Supp. 2d 216, 220-21 (E.D.N.Y. 2007) (assuming *arguendo* that the Rule 60(b)(6) reasonableness standard applies). Until recently, courts in this District "had consistently applied a reasonableness standard." *Abbey*, 2019 WL 336572, at *3; *see, e.g.*, *Jenis v. Colvin*, No. 12-CV-0600A, 2016 WL 6246423, at *1 n.1 (W.D.N.Y. Oct. 26, 2016) (§ 406(b) application submitted four months after notice of award was

filed within a reasonable time and was timely); *Buckingham v. Astrue*, No. 07-cv-159-JTC, 2010 WL 4174773, at *1 (W.D.N.Y. Oct. 25, 2010) (granting § 406(b) application filed over three months after notice of award received without considering timeliness); *but see Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 452-59 (W.D.N.Y. 2018) (denying counsel's § 406(b) motion because it was filed six months after the SSA notice was issued and received), *appeal filed*, 18-2044 (2d Cir. July 12, 2018).

As the Court recently pointed out in a similar case, this District's proposed Local Rule of Civil Procedure 5.5(g)(1) rejects the 14-day standard and recommends at 65-day window for filing § 406(b) applications.[1] *Abbey*, 2019 WL 336572, at *4. This time frame is much greater than the 23-day delay in this case. Thus, the Court finds Plaintiff's application timely. "In view of the unsettled nature of the law regarding the deadline for § 406(b) motions, both in this District and in this Circuit, Counsel reasonably lacked notice or constructive knowledge of the applicable time period for filing her § 406(b) motion." *Id.* (alterations omitted) (collecting cases).

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 18) is GRANTED and Plaintiff is awarded $19,363.25 in fees. The Court directs the Commissioner to release the funds withheld from Plaintiff's benefits award. After she receives the § 406(b) fee, Plaintiff's attorney is directed to remit the $5,400 EAJA award to Plaintiff.

IT IS SO ORDERED.

Dated: March 19, 2019
       Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[1] *See* NOTICE: Proposed Federal Court Local Rules Amendments, *available at* https://www.nywd.uscourts.gov/news/notice-proposed-federal-court-local-rules-amendments (Nov. 8, 2018) (last visited Mar. 18, 2019).

5